## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CESAR SOSA-ESCOTO, | : | No. 3:26cv1574 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| JESSICA SAGE, Warden of FCI Lewisburg, | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM ORDER</u>

Before the court is a *pro se* petition for writ of habeas corpus filed by

Petitioner Julio Cesar Sosa-Escoto pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).

Petitioner challenges his present detention at Federal Correctional Institution –

Lewisburg ("FCI-Lewisburg") by Immigration and Customs Enforcement ("ICE")

and the Department of Homeland Security ("DHS"). (<u>Id.</u>)  For the reasons set

forth below, the petition will be granted, and the court will order that a bond

hearing occur before a neutral and impartial IJ within the next 14 days with the

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Sosa-Escoto filed the instant petition while detained at Clinton CCF which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004).

burden on the government to prove dangerousness or risk of flight by clear and convincing evidence.

Sosa-Escoto is a native of Honduras. (Doc. 6-5, Resp. Ex. 4, I-213 Form at 1). He is 42 years old. Id. According to the petitioner, he is married to a United States citizen and has four children who are citizens by their birthright. (Doc. 1, Pet. ¶ 2). Sosa-Escoto also indicates that he has resided in the United States for the last 22 years. Id.

According to the government's records, petitioner entered the country near Eagle Pass, Texas on November 26, 2004 and was immediately apprehended by United States Border Patrol agents. (Doc. 6-5, Resp. Ex. 4, I-213 Form at 2). The next day, a Notice to Appear was issued charging the petitioner with violating 8 U.S.C. § 1182(a)(6)(A)(i). Id. An immigration judge ("IJ") ordered the petitioner removed in absentia on February 10, 2005. Id.

Over the next nine years, the government did not seek to remove Sosa-Escoto. He filed a motion to reopen his immigration proceedings in 2014, which was granted. Six years later, in December 2020, an IJ ordered the petitioner removed. He appealed to the Board of Immigration Appeals. During that appeal, on February 16, 2021, Sosa-Escoto filed a Form I-918 Petition for U Nonimmigrant Status. This petition is still pending five years later. Id. The court has no details about the crime that the petitioner alleges that he has been the

2

victim of.  On December 19, 2023, the petitioner's wife also filed a Form I-130 Petition for Alien Relative on his behalf. Id.  That request is still pending.

The BIA remanded Sosa-Escoto's immigration proceedings on August 16, 2023.  (Doc. 6-6, Resp. Ex. 5 at 4).  On August 14, 2024, the petitioner appeared and testified at his individual hearing. Id.  Proceedings were continued for additional evidence. Id.  Petitioner was then arrested on state criminal charges. Id.

On February 5, 2025, an IJ administratively closed the petitioner's case. (Doc. 6-5, Resp. Ex. 4, I-213 Form at 2).  On May 28, 2025, DHS's Office of the Principal Legal Advisor filed a motion to recalendar administratively closed proceedings pursuant to Executive Order 14159, Protecting the American People Against Invasion. Id.

According to the government, Sosa-Escoto has a lengthy record of misdemeanor and summary convictions. (Doc. 6-7, Resp. Ex. 6, CBP NNSV Query Result).  On December 3, 2025, IJ Akalski ordered Sosa-Escoto's removal to Honduras. (Doc. 6-6, Resp. Ex. 5 at 4).  She also denied his application for cancellation of removal and adjustment of status based on the petitioner's criminal record. Id.  As part of her reasoning, the IJ noted the petitioner was arrested and convicted on charges of petit larceny and sentenced on February 28, 2025 to six months imprisonment. Id. at 3.  She also noted jail sentences

3

between 2016 and 2020 for convictions of driving while intoxicated and disorderly conduct. Id.

Upon Sosa-Escoto's release from incarceration from the Nassau County Jail on August 14, 2025, ICE arrested and detained the petitioner. He was eventually transferred to FCI-Lewisburg. (Doc. 6-5, Resp. Ex. 4, I-213 Form at 2). He has appealed the IJ's removal order to the BIA. (Doc. 6-8, Resp. Ex. 7). That appeal remains pending.[2]

With the instant *pro se* petition, Sosa-Escoto argues that his detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that this violates his due process rights. (Doc. 1, Pet. ¶¶ 25, 29, 31). Petitioner requests his immediate release from detention, or, in the alternative, a bond hearing before a neutral and impartial IJ. (Id.,Prayer for Relief).

On behalf of respondent, the United States Attorney's Office for the Middle District of Pennsylvania disagrees. The government asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.

---

[2] See Executive Office for Immigration Review ("EOIR") Automated Case Information at: https://acis.eoir.justice.gov/en/ (last accessed July 15, 2026).

Based on the court's review of this matter, the applicable detention statute is 8 U.S.C. § 1226(a).[3] This matter thus only requires a straightforward consideration of 8 U.S.C. § 1225(b)(2)(A) and § 1226(a). Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

On the other hand, the Second, Sixth, Tenth, and Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[4] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th

---

[3] Under the Laken Riley Act, the government shall take into custody any noncitizen who is inadmissible under 8 U.S.C. § 1182(a)(6)(A) and is charged with acts constituting the essential elements of larceny that results in the death or serious bodily injury to another person. 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). In light of recent amendments to 8 U.S.C. § 1226, the court has carefully reviewed Sosa-Escoto's convictions, particularly his petit larceny convictions. (Doc. 6-7). Under the state statute, N.Y. PENAL LAW § 155.25, conviction only requires proof that the person stole property.

[4] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, 819 F. Supp. 3d 362, 372 (M.D. Pa. 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

713, 731-32 (6th Cir. 2026); Santillan Quiroz v. Mullin, No. 26-6019, --- F.4th----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1280-81 (11th Cir. 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).[5]  The respondent indicates her awareness of these prior outcomes. (Doc. 3, Resp. Br. at 3-4) (collecting cases).  The court thus reads the response as not contesting the facts of Sosa-Escoto's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, Santillan Quiroz or its prior decisions.[6]  Section 1226(a), not Section 1225(b)(2)(A), applies to petitioner's detention.

---

[5] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[6] Sosa-Escoto is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 78.  Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

6

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a).  However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an IJ. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d).

As for the constitutional issues raised in Sosa-Escoto 's petition, it is undisputed in this case that he entered the United States illegally without being initially admitted or paroled.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Sosa-Escoto has been in ICE custody since August 2025.  "No person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V.  "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from

arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

Under the facts presented, a consideration of the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) supports the conclusion that Sosa-Escoto's continued imprisonment at FCI Lewisburg pursuant to a mandatory detention statute violates his constitutional rights.[7]

Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy

---

[7] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 819 F. Supp. 3d at 372.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. The government believes that it may vindicate those interests through detention without any individualized determination that this petitioner poses a flight risk or danger. But this goes too far for the reasons discussed in the body of this memorandum.

and is not the appropriate one in every case in which the writ is granted."
Boumediene v. Bush, 553 U.S. 723, 779 (2008).

Under the circumstances presented here, the appropriate remedy is not petitioner's immediate release, but rather a prompt bond hearing before a neutral and impartial IJ. Sosa-Escoto has a criminal history, including state court convictions in New York for petit larceny, driving while intoxicated, and disorderly conduct. Whether those convictions, together with the remaining facts and circumstances, establish that Sosa-Escoto poses a danger to the community or a risk of flight is a determination that must be made by an IJ following an individualized bond hearing. At that hearing, the government shall bear the burden to justify petitioner's continued detention by clear and convincing evidence that petitioner's continued detention is needed to prevent him from fleeing or harming the community. German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (citation omitted). Given the application of this standard in other contexts, this is the standard that must be applied by the IJ. See id. ("Even so, we see no basis for abandoning the settled rule that when a party stands to lose his liberty, even temporarily, we hold the Government to a higher burden of proof.").

Thus, respondents will be ordered to provide Sosa-Escoto with a bond hearing within 14 days in accordance with this memorandum.

9

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Sosa-Escoto's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) Sosa-Escoto's detention is not governed by 8 U.S.C. § 1225(b)(2)(A) and violates his right to due process of law;

3) Respondent shall, **within 14 days of the date of this order,** provide Sosa-Escoto with an individualized bond hearing in accordance with the analysis in the memorandum order;

4) If Sosa-Escoto does not receive a bond hearing within the 14-day period, he shall be released **no later than August 4, 2026 at 12:00 noon** under the same circumstances that existed prior to his detention, including, release: (1) within the area near where petitioner lives or was employed; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondent or by any contracted or affiliated facility;

10

5) On or before **August 4, 2026 at 4:00 PM**, respondent shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Sosa-Escoto has either been provided with a bond hearing or has been released from custody; and

6) The Clerk of Court is directed to **CLOSE** this case.

**Date:** 7/20/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**